## John D. Weld *vs.* Robert Traip.

T. makes lease by indenture to C. for the term of five years, at a stipulated rent, and "reserves to himself the right to terminate this lease by giving six months' notice of intention so to do;" and "T. covenants and agrees with C., his executors and administrators, that C., his heirs, executors and administrators shall have the right to occupy and let or use and take the income of the premises for and during the further term of five years from the thirtieth day after the decease of T.;" "and T. agrees to make suitable provision by will or otherwise that this agreement shall be kept and performed by his legal representatives." *Held*, that the agreement for the further term was not a present demise, which would constitute an incumbrance upon the estate in the hands of a third person, after the first term had been surrendered by agreement.

ACTION OF CONTRACT upon a covenant against incumbrances in a deed of land in Washington Street in Boston, dated 5th January 1852.

The breach relied upon was a lease of the premises by the defendant to Bradley N. Cummings for five years from the thirtieth day after the defendant's death, alleged to have been created by a "memorandum of an agreement" signed and sealed by the parties, and recorded, the terms of which were as follows :

" The said Traip on his part hereby agrees to lease and does

hereby lease unto the said Cummings the house and land thereto belonging, situate and numbered 506 in Washington Street in said Boston, for the term of five years from the date hereof, at the annual rate of two hundred dollars, payable semiannually; and said Traip agrees to keep the said premises in good repair during said term, but reserves to himself the right to terminate this lease by giving six months' notice of his intention so to do to said Cummings. The said Cummings hereby agrees to pay at the rate of said annual rent in semiannual payments while and so long as he shall occupy said house under said agreement, and to take reasonable and proper care thereof, and to furnish suitable and convenient lodging and sitting rooms therein and board to said Traip free of charge while he shall see fit to remain and make his home in said house during the occupancy of said Cummings.

" And the said Traip hereby covenants and agrees with said Cummings, his executors and administrators, that the said Cummings, his heirs, executors and administrators shall have the right to occupy and let or use and take the income of the said house and lot of land whereon the same is built, or the buildings which may then be thereon, for and during the further term of five years from the thirtieth day after the decease of said Traip, paying only therefor the taxes which may be assessed thereon during said term of five years, and keeping the buildings now on said land, or which may be then thereon, insured in the sum of seven thousand dollars; and the said Traip hereby agrees to make suitable provision by will or otherwise that this agreement shall be kept and performed by his legal representatives after his decease."

Under this instrument Cummings entered and occupied the premises until August 1847, when, after a notice given him by the defendant to terminate the lease, he vacated the premises by agreement. Cummings paid the stipulated rent during his occupation, and boarded and lodged the defendant for a part of the time.

The parties submitted the case to the decision of the court upon the above facts.

*A. Jackson,* for the plaintiff. The instrument executed by Traip and Cummings is a lease, and not an agreement for a lease. It has the requisites of a lease; the premises, term and rent reserved are all mentioned.

The second part has words importing a lease, in the covenant that Cummings and his representatives " shall have the right to occupy and let or use and take the income of the said house." In a lease the words " to let " and " agrees to let " are the same. *Staniforth* v. *Fox,* 7 Bing. 590. *Pinero* v. *Judson,* 6 Bing. 206. *Hallet* v. *Wylie,* 3 Johns. 44. *Thornton* v. *Payne,* 5 Johns. 74. *Iackson* v. *Kisselbrack,* 10 Johns. 336. The term of the lease may commence *in futuro. Bacon* v. *Bowdoin,* 22 Pick. 405. *Goodright* v. *Richardson,* 3 T. R. 462.

The stipulation to "make provision by will or otherwise that this agreement shall be kept" does not prevent this part of the agreement from operating as a demise. *Doe* v. *Groves,* 15 East, 244. *Doe* v. *Ries,* 8 Bing. 178. *Warman* v. *Faithfull,* 5 B. & Ad. 1047. *Alderman* v. *Neate,* 4 M. & W. 704. *Chapman* v. *Towner,* 6 M. & W. 100. *Jenkins* v. *Eldredge,* 3 Story R. 325.

*H. C. Hutchins,* for the defendant, cited Taylor Landl. & Ten. §§ 37–39, 70 ; 4 Kent Com. (6th ed.) 105 ; 1 Platt on Leases, 581, 582 ; Comyn Landl. & Ten. 72 ; *Dunk* v. *Hunter,* 5 B. & Ald. 322 ; *Bacon* v. *Bowdoin,* 22 Pick. 401.

This case was decided in June 1860.

SHAW, C. J. Action of contract on the sale of an estate, by which the defendant covenanted with the plaintiff that the estate was free from incumbrance.

This depended on the question whether an agreement entered into in 1845 by the defendant, then owner of the same estate in fee, with one Cummings, did create a demise and chattel real, containing a real interest in a valuable term carved out of the estate ; or whether it was executory, stipulating merely that the defendant would, by some suitable future act, raise and create such a term and chattel real. If the latter only, it was no incumbrance, and constituted no breach of the defendant's covenant.

In examining the instrument in question, it appears to us that

the two terms of five years each embraced in it are two distinct terms, each having a distinct time both for its commencement and termination. The first was for five years, commencing at its date; though there was a stipulation in it for its earlier termination by surrender on certain notice, such notice was given and surrender made and accepted; so that, in our opinion, that first creation of a term may be laid out of the case.

It depends therefore wholly upon the terms of the second part of the agreement. Here one circumstance, somewhat peculiar, strikes us at the outset, that if this was a demise, it was by its terms not to commence till after the maker's decease, and the descent cast of the estate which he then held.

We are not however disposed to question the power of an owner in fee, who has the general *jus disponendi*, to create a term for five or five hundred years, to commence *in futuro*, even after his own decease, so as in effect substantially to alienate the entire value of the estate, and thus, when the descent should be cast, subject the estate to the incumbrance of the term.

The first remark is, that as this would be of very rare occurrence — to create a present chattel real, constituting a valuable estate in possession, to commence at an indefinite future time — when it is so intended, the intention should appear in plain and manifest terms. Whereas, in this second clause, the language has no such phrase as " let," " lease " or " demise "; but the party agrees " with said Cummings, his executors," &c., " that said Cummings, his heirs, executors," &c., " shall have the right to occupy," &c. These words might, under certain relations of the parties to each other, and explained by the context, create a demise; but they are not apt words for that purpose.

But there is another clause, which seems to us quite decisive: " Said Traip hereby agrees to make suitable provision by will or otherwise, that this agreement shall be kept." He recognizes it as an " agreement," in conformity with which some further act shall be done. Whereas, if the clause itself was a demise, and incumbrance, and created a term, nothing which the heir or administrator could do would be of any effect. If therefore the stipulation for this second demise for five years did not take

effect by force of the agreement itself, then the estate was not subject to incumbrance when the defendant sold it.

The court are of opinion that the agreement itself did not constitute a present, actual creation of a term and incumbrance; and that the defendant is entitled to judgment.

*Judgment for the defendant.*